Lawrence Eugene Rader v. Commissioner.
Rader v. Commissioner
Docket No. 4940-69 SC.
United States Tax Court
T.C. Memo 1970-129; 1970 Tax Ct. Memo LEXIS 232; 29 T.C.M. (CCH) 545; T.C.M. (RIA) 70129; May 27, 1970, filed Lawrence Eugene Rader, pro se, 9712 Oakdale Ave., Baltimore, Md.Thomas C. Morrison, for the respondent. Memorandum Findings of Fact and Opinion Respondent determined a deficiency of $104.51 in petitioner's income tax for the year 1967 as a result of denying a dependency exemption claimed by petitioner with respect to his minor son. The notice of deficiency was dated August 25, 1969. The petition was filed herein on September 29, 1969. Subsequent to the filing of the petition, petitioner paid in the full amount of the deficiency determined to the respondent. Findings of Fact Petitioner lives in Baltimore, Maryland and resided in that city at the time his petition was filed in this case. Petitioner and his present wife, Joan A. Rader, filed a joint 1967 income tax return *234 with the district director of internal revenue in that city. Joan A. Rader did not join in petitioner's petition to redetermine the respondent's proposed deficiency. Petitioner and his former wife, Georgetta Vivian Rader, who is now, by her remarriage, Georgetta Vivian Wolf, separated in 1960 and were divorced on April 22, 1964, by a Decree of the Circuit Court of Baltimore City. This decree [1] awarded the custody of the three children (one son, Richard, who was 12 years old in 1964, and two daughters who were older) to petitioner's divorced wife. The decree required petitioner to pay to his former wife "the sum of Thirty ($30) dollars per week for the maintenance and support of said minor children" referring to Richard and his two older sisters. On September 30, 1964, the decree of April 22, 1964 was "clarified" by providing that the $30 weekly payment required of petitioner for the support of the minor children should be considered as a requirement of the weekly payment of $10 for the support of each child until he or she should become of age, marry, become self-supporting or in some other way be emancipated. *235 At the time of the separation in 1960, petitioner left the household furniture, which had been bought over a period of years, in the possession of his former wife for the use of her and the three children. Petitioner testified that "half of it was [his]." He did not know what part of the furniture, if any, was used by his former wife and/or children in 1967. In July 1965, petitioner's former wife married Joseph Wolf, a widower with several minor children, and moved into his home with Richard. Richard was 15 years old in 1967 and lived with his mother and stepfather during that year. Petitioner paid $10 each week during 1967 for the support of Richard. These payments were made through the officials of the appropriate Baltimore court. Richard received over half of his support during 1967 from his divorced parents. At the time of petitioner's divorce his older daughter was secretly married. It was the discovery of this marriage which precipitated the order of September 30, 1964, which "clarified" the divorce decree of April 22, 1964. Petitioner contended that in the light of the "clarifying" order of September 30, 1964, there had been no real obligation on him to make any payments *236 for her support and demanded from time to time over a period of some years that his former wife refund to him payments which he made in 1964 for the support of this daughter in the total sum of $280.00 or that this amount be credited to subsequent support payments becoming due. In the course of a discussion with his former wife dealing with this matter which was held in 1968 in connection with some legal proceeding incident to the support matter, petitioner offered to waive any right to a refund of the $280.00 if his former wife agreed to allow him "to get Richard's dependency exemption" and to "cause [him] no further trouble." Petitioner understood his former wife assented to this proposition. 546 His former wife testified that she did not assent to it. There was no written agreement between the parents with regard to this matter in 1967 or any other year. Petitioner abandoned any effort to obtain a refund of the $280.00. During 1967 petitioner carried Blue Cross/Blue Shield medical and hospital insurance covering himself and his minor children. That part of the cost of such insurance which afforded protection to petitioner's minor son Richard was not in excess of $35.10. *237 Opinion KERN, Judge: The question in this case is whether the petitioner is entitled to deduct from his gross income for 1967 an exemption for a dependent child as provided by section 151(e). Since the dependent child is the "child of divorced parents" the appropriate criteria applicable for years after 1966 are those set out in section 152(e) which is quoted in the margin hereof. [2]
*238 The minor son of petitioner and his former wife, who were divorced in 1964, received more than half of his support from his parents and was in the custody through 1967 of his mother, who had remarried prior to the taxable year. Accordingly (as provided by section 152(e)(1)) he is to be treated as receiving over half of his support during the year 1967 from his mother, unless (as provided by section 152(e)(2)(A)) the divorce decree "or a written agreement between the parents applicable to the taxable year" provides that the parent not having custody but who furnishes at least $600 of the child's support should be entitled to the deduction or unless (as provided by section 152(e)(2)(B)) the parent not having custody (in this case the petitioner) provides $1,200 or more for the child's support and the parent having custody fails to "clearly establish that [she] provided more for the support of such child during the calendar year than the parent not having custody." It is obvious that section 152(e) (2)(A) is not applicable since the divorce decree was silent as to this matter and there was no written agreement between the parents applicable to the taxable year. Section 152(e)(2)(B) *239 can be availed of by petitioner only if he proves that he provided $1,200 or more for the support of his minor child during the year 1967. He has attempted to prove this essential fact by testimony to the effect (1) that he made cash payments totaling $520; (2) that the pro 547 rata share of payments made by him for Blue Cross/Blue Shield medical/hospital insurance during the taxable year allocable to his minor son was the amount of $35.10; (3) that household furniture bought by him and his former wife prior to their separation and left by him for the use of her and their children after the separation in 1960 had a fair market value of $5,000 in that year and a useful life of 20 years, and therefore the annual value of the furniture used by his family should be considered as a payment of support for his minor son in 1967 in the amount of $250; (4) that he overpaid the amount to which he was obligated in 1964 on account of child support because his older daughter was married during approximately 6 months in that year, resulting in his former wife's receipt of $280 as child support to which she was not entitled and after various legal maneuvers his former wife orally agreed in 1968 *240 that if petitioner would waive any claim to a reimbursement of the $280 she would "cause him no further trouble" with regard to a dependency deduction claimed by him on account of the son in 1967; and (5) his payment of the $104.51 deficiency determined in this case made after the filing of the petition herein should be considered as a payment of support for his son during the year 1967. In our opinion the last two items of the five items set forth above cannot be considered as payments made or received for the support of petitioner's minor son and in any event were not support payments made or received in the year 1967. The third item of those set forth above is not supported by the facts established by the record herein. Petitioner testified that at the time he and his wife separated in 1960 he left in the home occupied by his wife and children furniture which he estimated had a value at that time of $5,000 and a useful life of 20 years and of which he claimed to be owner of a one-half interest. He did not identify with any degree of particularity the several items of furniture, he did not testify as to the year or years when this furniture was purchased, and did not testify *241 as to the price paid for the several items. His former wife testified that the principal items of this furniture consisted of a three-piece living room suite, a secondhand dining room suite, kitchen furniture including a new refrigerator and a secondhand washing machine, and two Hollywood beds. The present husband of petitioner's former wife, a widower with children of his own, in whose home the wife and petitioner's minor son were living during 1967, testified that none of this furniture was brought into his home or was used by the son in 1967. In connection with this item we note that the furniture in the home in which petitioner's son lived during 1967 was also used by a number of other persons. We are unable to conclude that any substantial amount was received by Richard as support during 1967 as the result of the use of this furniture. Petitioner has failed to prove that he provided more than $555.10 for the support of his minor son for the calendar year 1967. Even if all the items claimed by petitioner to have been expended by him for the support of his son are assumed to be so expended and in the amounts claimed ($520, $35.10, $250, $280, and $104.51) the total would be *242 a little less than the $1,200 support which he must have provided for his son's support for 1967 before the "special rule" set out in section 152(e)(2)(B) could be operative. Accordingly we conclude that under the general rule laid down in section 152(e)(1) the petitioner's minor son must be treated as reeciving over half of his support during 1967 from his mother, the parent in whose custody he was during the taxable year. Therefore, the petitioner is not entitled to the deduction of the claimed dependency exemption. Decision will be entered for the respondent. Footnotes
1. The decree itself is not in evidence. The information concerning its contents referred to in these findings is gleaned from other evidence of record.↩
2. SEC. 152. DEPENDENT DEFINED. (e) Support Test in Case of Child of Divorced Parents, Et Cetera. - (1) General Rule - If - (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special Rule. - The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if - (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. (3) Itemized Statement Required. - If a taxpayer claims that paragraph (2)(B) applies with respect to a child for a calendar year and the other parent claims that paragraph (2)(B)(i) is not satisfied or claims to have provided more for the support of such child during such calendar year than the taxpayer, each parent shall be entitled to receive, under regulations to be prescribed by the Secretary or his delegate, an itemized statement of the expenditures upon which the other parent's claim of support is based. (4) Exception for Multi-Support Agreement. - The provisions of this subsection shall not apply in any case where over half of the support of the child is treated as having been received from a taxpayer under the provisions of subsection (c). (5) Regulations. - The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purposes of this subsection.↩